

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00143-CR
_____

ROBERT KITCHENS A/K/A ROBERT BAREFIELD
A/K/A ROBERT BARFIELD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 75,086-D, Honorable David Gleason, Presiding

August 27, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Robert Kitchens a/k/a Robert Barefield a/k/a Robert Barfield, appeals his conviction for possession of a controlled substance in an amount less than one gram,[1] enhanced, and sentence of twelve years' confinement. We dismiss the appeal based on the trial court's certification that appellant waived his right of appeal.

The trial court originally issued a certification of appellant's right of appeal reflecting that this was a plea-bargain case with no right of appeal and that appellant waived the

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017).

right of appeal. Tᴇx. R. Aᴘᴘ. P. 25.2(a)(2), (d). However, the judgment of conviction indicated that appellant pled guilty to the offense pursuant to an open plea, not a plea bargain.

We remanded the cause to the trial court to determine whether appellant knowingly, voluntarily, and intelligently waived his right of appeal; to prepare an amended certification consistent with the record; and to issue findings of fact and conclusions of law. The trial court held a hearing and issued findings that appellant knowingly, voluntarily, and intelligently waived his right of appeal. *See Monreal v. State*, 99 S.W.3d 615, 622-23 (Tex. Crim. App. 2003) (holding that a waiver of appeal is binding if it is made knowingly, voluntarily, and intelligently by the appellant). The court also issued an amended certification reflecting that appellant had waived the right of appeal.

We are required by Rule of Appellate Procedure 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." By letter dated August 5, 2019, we notified appellant of the consequences of the trial court's certification and invited him to demonstrate other grounds for continuing the appeal by August 16. Appellant did not respond to the court's letter.

Accordingly, we dismiss the appeal based on the trial court's certification. Tᴇx. R. Aᴘᴘ. P. 25.2(d).

Per Curiam

Do not publish.